CLARK HILL LLP
BRADFORD G. HUGHES (SBN 247141)
bhughes@ClarkHill.com
MARYAM DANISHWAR (SBN 259102)
mdanishwar@ClarkHill.com
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone:  (213) 891-9100
Facsimile:  (213) 488-1178

Attorneys for Defendants SHARP
TRANSPORTATION, INC. and
RANDY LEE HUMMEL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JUAN COLORADO GARCIA<br><br>                              Plaintiff,<br><br>      v.<br><br>SHARP TRANSPORTATION, INC.;<br>RANDY LEE HUMMEL and DOES 1<br>to 50, inclusive,<br><br>                              Defendants. | Case No.<br><br>**DEFENDANTS NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1441; DECLARATION OF MARYAM DANISHWAR**<br><br>*[Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement and Certificate of Interested Parties]* |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DIVISION OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendants SHARP TRANSPORTATION, INC. ("Sharp") and RANDY LEE HUMMEL ("Hummel" and together with Sharp, "Defendants") hereby remove the above-entitled civil action from the Superior Court of California, for the County of San Bernardino, to the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. §§ 1332 and 1441.  Removal is proper because complete diversity of citizenship exists between plaintiff JUAN COLORADO GARCIA ("Plaintiff"), on one hand, and Defendants on the other hand, and the amount in

controversy exceeds the sum of $75,000, exclusive of interest and costs.   In support of this Notice of Removal, Defendants further state:

## I.   BACKGROUND

1.     On July 15, 2020, Plaintiff filed a complaint ("Complaint") in the Superior Court of California for the County of San Bernardino, entitled "*Juan Colorado Garcia v. Sharp Transportation, Inc. et al.*," designated as Case Number CIVDS2014827.   By way of the Complaint, Plaintiff alleges claims for motor vehicle and general negligence.

2.     On December 7, 2020, Plaintiff served Sharp with the Complaint.  On December 26, 2020, Plaintiff served Hummel with the Complaint. A true and correct copy of the Summons, Complaint, Certificate of Assignment, and Statement of Damages are attached to the Declaration of Maryam Danishwar as Exhibit 1.

## II.   TIMELINESS OF REMOVAL

3.     This Notice of Removal is timely because it is being filed within thirty days of Plaintiff's service of the Complaint, and within one year of the commencement of this action pursuant to 28 U.S.C. § 1446(b).  (See Declaration of Maryam Danishwar ["Danishwar Decl."], Ex. 1, Plaintiff's Complaint.)

## III.   PROCEEDINGS IN STATE COURT

4.     As of the date of filing this Notice of Removal, there are no pending hearings before the Superior Court of California for the County of San Bernardino with respect to the state court action, other than the Trial Setting Conference, which is set for January 15, 2021.  (Danishwar Decl., ¶ 6.)

## IV.   JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

5.     The Court has original jurisdiction of this action under 28 U.S.C. § 1332.  As described in further detail below, this action is removable pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000,

exclusive of interests and costs.

### A. Complete Diversity Exists Between Plaintiffs and Defendants

6.   <u>Plaintiff Juan Colorado Garcia is a citizen of California</u>.  For purposes of removal, a natural person is considered a citizen of the state of domicile.  *Kantor v. Wellesley Galleries, Ltd*, 704 F.2d 1088, 1090 (9th Cir. 1983).  On information and belief, Plaintiff is and was at time of filing this action a citizen of the state of California.

7.   <u>Defendant Sharp Transportation, Inc. is a citizen of Wyoming and Utah</u>.  A corporation is deemed a citizen of every state in which it is incorporated and has its principal place of business.  28 U.S.C. § 1332(c)(1).  Sharp is, was, and at all times relevant, has been a corporation incorporated under the laws of the state of Wyoming.  (Danishwar Decl., ¶ 7.)  Although Sharp is authorized to conduct business in the state of California, its principal place of business is in Wellsville, Utah.  (Danishwar Dec., ¶ 7.)

8.   <u>Defendant Randy Lee Hummel is a citizen of Utah</u>. For purposes of removal, a natural person is considered a citizen of the state of domicile.  *Kantor v. Wellesley Galleries, Ltd*, 704 F.2d 1088, 1090 (9th Cir. 1983). Hummel is, was, and at all time relevant, has been domiciled in the state of Utah. (Danishwar Decl., ¶ 8.)

9.   <u>Citizenship of DOE defendants are disregarded</u>.  The residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  See 28 U.S.C. § 1441(b)(1) (stating, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded").  The existence of DOE defendants 1 through 50 does not deprive this Court of jurisdiction.

10.   Because Plaintiff is a citizen of the state of California and Defendants are citizens of the state of Wyoming and Utah, complete diversity between the

1   parties exists.

2   **B.   The Amount in Controversy Exceeds $75,000**

3   11.   While Defendants deny liability as to Plaintiff's claims, the amount in
4   controversy requirement is satisfied because "it is more likely than not" that the
5   amount exceeds the jurisdictional minimum of $75,000.   See *Sanchez v.*
6   *Monumental Life Ins*., 102 F.3d 398, 403-404 (9th Cir. 1996) (finding the
7   defendant must plead "that it is 'more likely than not' that the amount in
8   controversy exceeds [the threshold] amount" (internal quotations and citations
9   omitted)).

10   12.   As the Ninth Circuit explains, "the amount-in-controversy inquiry in
11   the removal context is not confined to the face of the complaint."   *Valdez v.*
12   *Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).   In order to establish the
13   amount in controversy, a defendant may state underlying facts supporting its
14   assertion that the amount exceeds the jurisdictional threshold. *Gaus v. Miles, Inc*.,
15   980 F.2d 564, 566-567 (9th Cir. 1992).

16   13.   In determining the amount in controversy, a court must consider the
17   aggregate of general damages, special damages, punitive damages, and attorneys'
18   fees. *Conrad Assocs. v. Hartford Accident & Indemnity Co*., 994 F.Supp. 1196,
19   1198 (N.D. Cal. 1998).   When a defendant seeks removal on diversity grounds, a
20   court must deem the amount demanded by the plaintiff as the amount in
21   controversy.   28 U.S.C. § 1146(2); see also *Sanchez*, 102 F.3d at 40 (finding "the
22   sum claimed by the plaintiff controls," unless it appears "that the claim is really for
23   less than the jurisdictional amount" (quoting *St. Paul Mercury Indem. Co. v. Red*
24   *Cab Co*., 303 U.S. 283, 288-289 (1938)).

25   14.   If the plaintiff does not include a demand amount in the complaint, the
26   jurisdictional threshold may be established by other documents such as a plaintiff's
27   statement of damages or pre-litigation settlement demands.   See e.g. *Babasa v.*
28   *Lenscrafters, Inc*., 498 F.3d 972, 974-975 (9th Cir. 2007) ("[a] settlement letter is

4

DEFENDANTS NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332
AND 1441

relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim" (citing *Cohn v. Petsmart, Inc*., 281 F.3d 837,840 (9th Cir. 2002)); *Aparicio v. Abercrombie & Fitch Stores Inc*., 2014 WL 545795, *3 (C.D. Cal . 2014) ("[a] document reflecting a settlement demand in excess of the jurisdictional minimum constitutes 'other paper' sufficient to provide notice that a case is removable").

15.    Plaintiff did not specifically identify his damages in the Complaint; however, Plaintiff stated that he "has been hurt and injured in his health, strength and activity, sustaining injuries and damages to his person and nervous system, all to his detriment." (Danishwar Decl., ¶ 5, Ex. 1, Complaint p. 3.) Plaintiff also stated that he "continues to suffer damages and injuries to his detriment." (Danishwar Decl., ¶ 5, Ex. 1, Complaint p. 5.) In connection with the Complaint, on December 1, 2020, Plaintiff filed a Statement of Damages where he alleges the following damages: (1) general damages pending calculation; (2) medical expenses of $30,000.00 and continuing; (3) unknown future medical expenses; (4) unknown loss of earnings; and (5) unknown loss of earning capacity. (Danishwar Decl., ¶ 9, Ex. 1, Statement of Damages.) Plaintiff's Statement of Damages is deficient inasmuch as it fails to specifically quantify Plaintiff's alleged damages. Because Plaintiff has failed to specifically allege his damages, Defendants are forced to rely on external facts to support their assertion that the amount exceeds the jurisdictional threshold. See *Gaus v. Miles, Inc*., 980 F.2d 564, 566-567 (9th Cir. 1992).

16.    In addition to the $30,000.00 in medical expenses allegedly incurred to date, Plaintiff alleges continuing medical expenses as well as unspecified future medical expenses. (Danishwar Decl., ¶ 9, Ex. 1, Statement of Damages.) Plaintiff's claim for $30,000.00 in past medical expenses as well as his claim for general damages, continued medical expenses, future medical expenses, loss of earnings, and loss of earning capacity, all of which are amplified by Plaintiff's claim for

1   unspecified nervous system injuries, leads Defendants to believe and thereon allege

2   that the amount in controversy exceeds the jurisdictional threshold.

3       17.   The lengthy list of compensatory damages claimed by Plaintiff in his

4   Complaint establishes, by a preponderance of the evidence, that the alleged amount

5   in controversy exceeds the sum of $75,000, exclusive of interest and costs, as

6   required by 28 U.S.C. § 1332(a).  Thus, the jurisdictional minimum is satisfied.

7       **V.   VENUE**

8       16.   Without waiving Defendants' right to challenge, among other things,

9   personal jurisdiction by way of motion, responsive pleadings, or otherwise, venue

10  for this removed action lies in the Central District of California pursuant to 28

11  U.S.C. §§ 1441, 1446(a), and 84(c).  Plaintiff brought this action in the Superior

12  Court of the State of California, County of San Bernardino, which is located within

13  the Central District of the State of California.   Venue is proper in this Court

14  because it is the "district and division embracing the place where such action is

15  pending."  28 U.S.C. § 1441(a).

16      **VI.   SERVICE OF NOTICE OF REMOVAL ON PLAINTIFFS AND**

17  **THE CLERK OF THE SUPERIOR COURT**

18      17.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this

19  Notice of Removal will be promptly served on Plaintiff and, together with a copy

20  of the Notice of Removal, will be filed with the Clerk of the Superior Court of the

21  State of California, County of San Bernardino, in the state court action.

22      18.   This Notice of Removal will be served on counsel for Plaintiff.   A

23  copy of the Proof of Service regarding the Notice of Removal will be filed shortly

24  after those papers are filed and served.

25      19.   In compliance with 28 U.S.C. § 1446(a), true and correct copies of all

26  process, pleadings, and orders filed and/or served in this action are attached to the

27  Danishwar Declaration as Exhibit 1.

28

## VII.   <u>PRAYER FOR REMOVAL</u>

20.     WHEREFORE, Defendants file this Notice of Removal of this action from the Superior Court of the State of California, County of San Bernardino, in which it is now pending, to the United States District Court for the Central District of California, Eastern Division.

21.     Defendants hereby request that this Court exercise jurisdiction over all further proceedings in this action.

22.     Defendants hereby provide notice of and demand a jury trial in the above-captioned matter.

Dated:  January 6, 2021                     CLARK HILL LLP

By: _____
                                        Bradford G. Hughes
                                        Maryam Danishwar
                                        Attorneys for Defendants SHARP
                                        TRANSPORTATION, INC. and
                                        RANDY LEE HUMMEL

DEFENDANTS NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

## DECLARATION OF MARYAM DANISHWAR

I, Maryam Danishwar, declare as follows:

1.      I am an attorney at law, duly licensed to practice before the courts of the State of California.  I am an associate with the law firm of Clark Hill LLP, attorneys of record for defendants Sharp Transportation, Inc. ("Sharp") and Randy Lee Hummel ("Hummel" and together with Sharp, "Defendants").

2.      I submit this declaration in support of Defendants Notice of Removal Pursuant to 28 U.S.C. §§ 1332 and 1441.  I have personal knowledge of the facts stated herein and could and would testify competently thereto if called as a witness in this matter.

3.      On December 7, 2020, plaintiff Juan Colorado Garcia ("Plaintiff") served Sharp with the complaint filed in the Superior Court of California for the County of San Bernardino, entitled "*Juan Colorado Garcia v. Sharp Transportation, Inc. et al.*" ("Complaint"). On December 26, 2020, Plaintiff served Hummel with the Complaint.   A true and correct copy of the Summons, Complaint, Statement of Damages, and all pleadings served on Defendants is attached to this Declaration as Exhibit 1.

4.      The Complaint arises out of a motor vehicle accident that occurred on March 29, 2019, where Plaintiff was operating a pickup truck owned by Hunter Landscape Inc. Based on the foregoing, at the time of the incident, Plaintiff was likely a landscaper at Hunter Landscape Inc.

5.      In the Complaint, Plaintiff alleges continued injuries and damages, including injuries to his nervous system.

6.      As of the date of filing this Notice of Removal, there are no pending hearings before the Superior Court of California for the County of Los Angeles with respect to the state court action, other than the Trial Setting Conference, which is set for January 15, 2021.

7.      Sharp was, is, and at all times relevant, has been a corporation

DECLARATION OF MARYAM DANISHWAR IN SUPPORT OF SHARP'
NOTICE OF REMOVAL

incorporated under the laws of the state of Wyoming, with its principal place of business in Wellsville, Utah.

8.      Hummel was, is, and at all times relevant, is domiciled in the state of Utah.

9.      In connection with the Complaint, Plaintiff filed a Statement of Damages in which he seeks to recover unspecified damages, including at least $30,000.00 in past medical expenses. In addition to his past medical expenses, Plaintiff seeks to recover general damages, continued medical expenses, future medical expenses, unspecified loss of earnings, and loss of earning capacity.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed on January 6, 2021, at Los Angeles, California.

_____
Maryam Danishwar

9

DECLARATION OF MARYAM DANISHWAR IN SUPPORT OF SHARP'
NOTICE OF REMOVAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document(s) with the Clerk of the Court for the United States District Court, Central District of California, by using the Court's CM/ECF system on January 6, 2021

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

/s/ Hiba Hammad
Hiba Hammad

10

CERTIFICATE OF SERVICE

# EXHIBIT 1

SCANNED

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Sharp Transportation, Inc.; Randy Lee Hummel and DOES 1 to 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Juan Colorado Garcia

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT   0 5 2020

by_____
WANDA L. BLANCHARD Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino
247 West Third Street
San Bernardino, CA 92415-0210

**CASE NUMBER:** *(Número del Caso):*
CIVDS 2014827

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew K. Jay, Esq. SBN 245259 The Dominguez Firm, LLP 3250 Wilshire Blvd., Suite 2200, Los Angeles, CA 90010 (213)-388-7788

DATE:
*(Fecha)* 10-05-2020

Clerk, by _____ Deputy
*(Secretario)* _____ *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [XX] on behalf of *(specify):* SHARP TRANSPORTATION, INC.,

   under: [XX] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)       [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [XX] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Matthew K. Joy, Esq. SBN 245259<br>The Dominguez Firm, LLP<br>3250 Wilshire Blvd., Suite 2200<br>Los Angeles, CA 90010<br><br>TELEPHONE NO: (213) 388-7788   FAX NO. (Optional): (213) 201-8208<br>E-MAIL ADDRESS (Optional): mjoy@dominguezfirm.com<br>ATTORNEY FOR (Name): Plaintiff | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JUL 15 2020<br><br>BY<br>Angel Cardona     DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino, CA 92415

| | |
|---|---|
| PLAINTIFF: Juan Colorado-Garcia<br><br>DEFENDANT: Sharp Transportation, Inc; Randy Lee Hummel and<br><br>[x] DOES 1 TO 50,_____ inclusive | |
| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>[ ] AMENDED (Number):<br>Type (check all that apply):<br>[x] MOTOR VEHICLE   [ ] OTHER (specify):<br>    [x] Property Damage [ ] Wrongful Death<br>    [x] Personal Injury   [ ] Other Damages (specify): | CASE NUMBER: |
| Jurisdiction (check all that apply):<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>    Amount demanded [ ] does not exceed $10,000<br>                 [ ] exceeds $10,000, but does not exceed $25,000<br>[x] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>    [ ] from limited to unlimited<br>    [ ] from unlimited to limited | CIV DS 2014827 |

1. Plaintiff (name or names): Juan Colorado Garcia
   alleges causes of action against defendant (name or names):
   Sharp Transportation, Inc.; Randy Lee Hummel and

2. This pleading, including attachments and exhibits, consists of the following number of pages: Five

3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff (name):
          (1) [ ] a corporation qualified to do business in California
          (2) [ ] an unincorporated entity (describe):
          (3) [ ] a public entity (describe):
          (4) [ ] a minor   [ ] an adult
              (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
              (b) [ ] other (specify):
          (5) [ ] other (specify):
   b. [ ] except plaintiff (name):
          (1) [ ] a corporation qualified to do business in California
          (2) [ ] an unincorporated entity (describe):
          (3) [ ] a public entity (describe):
          (4) [ ] a minor   [ ] an adult
              (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
              (b) [ ] other (specify):
          (5) [ ] other (specify):
[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Code of Civil Procedure, § 425.12<br>www.courts.ca.gov

PLD-PI-001

| SHORT TITLE:<br>Juan Garcia Colorado | CASE NUMBER: |
| --- | --- |

4. ☐ Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.
5. Each defendant named above is a natural person
   a. ☒ except defendant *(name):* Sharp Transportation, Inc.
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   c. ☐ except defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   b. ☐ except defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   d. ☐ except defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.
6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1 to 50          were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 1 to 50          are persons whose capacities are unknown to
      plaintiff.
7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify):*

COMPLAINT—Personal Injury, Property
                                        Damage, Wrongful Death

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Juan Garcia Colorado | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

a. ☒ Motor Vehicle

b. ☒ General Negligence

c. ☐ Intentional Tort

d. ☐ Products Liability

e. ☐ Premises Liability

f. ☐ other *(specify):*

11. Plaintiff has suffered

a. ☒ wage loss

b. ☒ loss of use of property

c. ☒ hospital and medical expenses

d. ☒ general damage

e. ☒ property damage

f. ☒ loss of earning capacity

g. ☒ other damage *(specify):*

    Plaintiff has been hurt and injured in his health, strength and activity, sustaining injuries and damages to his person and nervous system, all to his detriment. All damages recoverable under the law.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

    a. ☐ listed in Attachment 12.

    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a. (1) ☒ compensatory damages

       (2) ☐ punitive damages

       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*

       (1) ☒ according to proof

       (2) ☒ in the amount of: $ Exceeds $25,000.00

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
    MV-1; MV-2; GN-1

Date: 07-09-2020

Matthew K. Joy, Esq.

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(1)

| SHORT TITLE:<br>Garcia v. Sharp Transportation, Inc. | CASE NUMBER |
|---|---|

Second _____       **CAUSE OF ACTION-General Negligence**       Page Five
 (number)

**ATTACHMENT TO**    ☒ Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1, Plaintiff *(name):* Juan Colorado Garcia

  alleges that defendant *(name):* Sharp Transportation, Inc.; Randy Lee Hummel and


        ☒ Does 1 _____ to  50 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently
caused the damage to plaintiff
on *(date):*  3/28/19
at *(place):*  I-10 Westbound & Etiwanda Ave., Rancho Cucamonga, CA 91739

*(description of reasons for liability):*

At said time and place, Defendants, and each of them, so negligently owned, maintained, inspected,
repaired, operated and drove a motor vehicle so as to strike the vehicle which was occupied by
Plaintiff. As a result of the negligence of defendants, and each of them, Plaintiff has suffered and
continues to suffer damages and injuries to his detriment. But for the negligence of Defendants, and
each of them, Plaintiff would not have been injured.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Juan Colorado Garcia

Case No.: **CIV DS 2 0 1 4 8 2 7**

vs.

**CERTIFICATE OF ASSIGNMENT**

Sharp Transportation, Inc.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the _____ District of the Superior Court under Rule131 and General Order _____ of this court for the checked reason:

| ☒ | General | ☐ Collection |
|---|---------|-------------|

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☒ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

I-10 Westbound & Etiwanda Ave.

NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR      ADDRESS

Rancho Cucamonga      CA      91739
CITY      STATE      ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on 07-09-2020      at Pasadena, CA
California.

Signature of Attorney/Party

Form # 13-16503-360
Mandatory Use      CERTIFICATE OF ASSIGNMENT      Rev. June 2018

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Matthew K. Joy, Esq. SBN 245259
The Dominguez Firm, LLP
3250 Wilshire Blvd., Suite 2200, Los Angeles, CA 90010

TELEPHONE NO.: (213) 388-7788 FAX NO. (Optional): (213) 201-8208
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third St.
MAILING ADDRESS: 247 West Third St.
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino District --Civil Division

CASE NAME:
Garcia v. Sharp Transportation, Inc.

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
JUL 15 2020
BY ____ DEPUTY

CASE NUMBER: CIVDS 2014827
JUDGE:
DEPT.:

## CIVIL CASE COVER SHEET

[x] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[x] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (*specify*): Two
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: 07-09-2020
Matthew K. Joy, Esq.
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in Item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in Item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
-----------------------------------------------------------------------
-----------------------------------------------------------------------
                                    CASE NO: CIVDS2014827

THE DOMINQUEZ FIRM, LLP
3250 WILSHIRE BLVD.
SUITE 2200
LOS ANGELES CA 90010
                          NOTICE OF TRIAL SETTING CONFERENCE,·

IN RE: JUAN GARCIA -V- SHARP TRANSPORTATION, et al

THIS CASE HAS BEEN ASSIGNED TO: Thomas S. Garza IN DEPARTMENT S27
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

          HEARING DATE: 01/15/21 at  9:00 in Dept. S27

The Trial Setting Conference will be held in chambers without the
appearance of the parties -except for good cause shown. (see Emergency
Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial
setting conference the mandatory Initial Trial Setting Conference
Statement form (local for #13-09001-360) included with this notice.
Prior to the date of the initial trial setting conference, the court
may entertain a written stipulation by all appearing parties to con-
tinue the initial trial setting conference if filed at least 30 days
prior to the conference.

DATE: 07/31/20  Nancy Eberhardt, Court Executive Officer
                                    By: ANGELA CARDONA
-----------------------------------------------------------------------
-----------------------------------------------------------------------
                    CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office

and identified as the location for the above law firm's collection of file stamped documents.

Date of Mailing: 07/31/20
I declare under penalty of perjury that the foregoing is true and correct. Executed on 07/31/20 at San Bernardino, CA

BY: ANGELA CARDONA

civ-ntsc-20130417

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (Name):
FAX NO. (Optional):

TRIAL SETTING CONFERENCE DATE: _____
UNLIMITED CASE: _____
LIMITED CASE: _____

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INITIAL TRIAL SETTING CONFERENCE STATEMENT | CASE NUMBER |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. <u>This document must be filed and served at least 15 days prior to the trial setting conference date.</u>

1. Party or parties (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. Service of Complaint on all parties has ☐ has not ☐ been completed.

3. Service of Cross-Complaint on all parties has ☐ has not ☐ been completed.

4. Description of case in Complaint:

5. Description of case in Cross-Complaint:

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: _____

8. Related cases, consolidation, and coordination: Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ Trial dates requested: Yes ☐ No ☐ Available dates: _____ Time estimate: _____

9. Other issues:
   ☐ The following additional matters are requested to be considered by the Court:

10. Meet and Confer:
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

Form # 13-09001-360
Mandatory Form

**INITIAL TRIAL SETTING CONFERENCE STATEMENT**

1  Matthew K. Joy, SBN 245259
   **THE DOMINGUEZ FIRM, LLP**
2  3250 Wilshire Blvd., Suite 2200
   Los Angeles, CA 90010
3  Telephone Number: (213) 388-7788
   Facsimile Number: (213) 401-1096
4
5  Attorney for Plaintiff, JUAN COLORADO GARCIA

6

7             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                 **FOR THE COUNTY OF SAN BERNARDINO**

9   JUAN COLORADO GARCIA            )        Case No.: CIVDS2014827
                                    )        *Assigned for all purposes to Dept. S27*
10                                  )        *Hon. Thomas S. Garza*
                 Plaintiff,         )
11  vs.                             )
                                    )
12  SHARP TRANSPORTATION, INC.; RANDY)      **STATEMENT OF DAMAGES**
13  LEE HUMMEL and DOES 1 to 50, inclusive )
                                    )
14               Defendants.        )
                                    )
15                                  )

16         TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

17  PLEASE TAKE NOTICE that Plaintiff, pursuant to Section 425.11 of the Code of Civil

18  Procedure, sets forth the following items of general and special damages sought in this action.

19  **Juan Colorado Garcia**

20  1. General Damages: Pending calculations. Discovery is continuing

21  2. Medical Expenses $30,000.00 and continuing. Discovery is continuing.

22  3. Future Medical Expenses: Unknown at this time. Discovery is continuing.

23  4. Loss of earning: Unknown at this time. Discovery is continuing.

24  5. Loss of earning capacity: Unknown at this time. Discovery is continuing.

25  Dated: December 1, 2020              THE DOMINGUEZ FIRM, LLP

26                                       *Matthew K. Joy*

27                                       _____
                                         Matthew K. Joy, Esq.
28                                       Attorney for Plaintiff

                              1